# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS
No. 08-672 V
Date of Original Decision: March 13, 2012
Date of Redacted Decision: March 14, 2012
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| MICHELLE TAYLOR GRASSIE, * <br> natural guardian of * <br> A.R.H., a minor child, * <br>   * <br> Petitioner, * <br>   * <br> v. * <br>   * <br> SECRETARY OF THE DEPARTMENT * <br> OF HEALTH AND HUMAN SERVICES, * <br>   * <br> Respondent. * | Attorneys' Fees and Costs Decision <br> Based on Stipulation |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Anne C. Toale, Sarasota, FL, for petitioner.
Glenn A. MacLeod, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy.  When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure.  If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

     The original Decision was issued on March 13, 2012.  On March 14, 2012, petitioner filed a Motion to Redact Decision on Entitlement, requesting that the decision be redacted to include the initials of the vaccinee, who is a minor child, pursuant to RCFC 5.2(a)(3).  Although the motion is titled "Motion to Redact Decision on Entitlement," the substantive portion of the motion refers to the Decision on Attorneys' Fees and Costs.  The undersigned's law clerk also contacted petitioner's counsel to confirm that petitioner intended that the Decision on Attorneys' Fees and Costs be redacted.  Accordingly, the

On March 13, 2012, the parties filed a stipulation in which they agreed to settle the attorneys' fees and costs in this case.

In accordance with General Order #9, petitioner states that she did not incur any costs to pursue her petition.

The court finds the amount to be reasonable, hereby adopts the parties' stipulation, and awards compensation in the amount set forth therein.  Pursuant to the stipulation, the court awards **$16,000.00**, representing reimbursement for attorneys' fees and costs.  The award shall be in the form of one check made jointly payable to petitioner and Maglio, Christopher & Toale in the amount of **$16,000.00.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]


**IT IS SO ORDERED.**


Dated:   March 14, 2012                                                /s/ Laura D. Millman
                                                                                             Laura D. Millman
                                                                                             Special Master

---

undersigned interprets the motion as a request to redact the Decision Awarding Attorneys' Fees and Costs filed on March 13, 2012.  Petitioner's motion is hereby **GRANTED**.  Consistent with Vaccine Rule 16(b) and RCFC 5.2, the unpublished decision posted on the court's website will include the minor's initials rather than her full name.

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party's filing a notice renouncing the right to seek review.